The cause was fully argued, and Chancellor Rutledge afterwards delivered the decree of court.
The intent of this bill is to oblige the defendant to discover whether he did not at the time of transferring Singleton’s bond-to the complainant, agree to guárante it i *39 And whether in consequence of such agreement, he has not retained in his hands the purchase money of a planta- , . , , , . . : tion which was sold on Singletons acconnt r And having done so, that he should be considered in the light of .a trustee for complainant, andbe obliged to accoimt with him for the said bonds.
The defendant in his answer positively swears that he never agreed to guarantee the bond, nor did he ever consider himself responsible on failure of the obligor, to pay it. He also denies that he has not accounted for the net sales of the plantation, and avers that he has paid the same to-those who were entitled to receive it; nor had he ever any idea of retaining the money to indemnify him against the said Singleton’s bond.
In an action at law which was brought by complainant against defendant to recover the money from him as guarantee of the bond, by virtue of a blank endorsement, Singleton having failed to pay it, and become insolvent, the court determined onsolemn argument, thata blank indorsement on a bond, did not make the indorser responsible on failure of the obligor, to pay the money. As that question did not decide the particular merits of complainant’s claim, to wit, the agreement to guarantee, he should have brought the action of assumpsit^pinst défendant, in order to bring the whole merits before a jury, the question-being properly triable at law. He has thought fit however rather to bring this suit, in order to searclj^the conscience of the defendant. In doing so, he has got a most positive and unequivocal answer denying both the guarantee and the retaining the purchase money of the plantation. It was attempted to be proved that the defendant had acknowledged funds of Singleton in his hands, and that he had said he purchased the plantation to secure himself for this particular debt; but the proof by no means came up to it. It amounted to no more substantially, than that he had first purchased to secure himself for his engagements against Singleton’s debts, and it is no proof on the part of defendant, that he has paid several debts on Singleton’s account. *40 It maybe a hard case on the complainant, but instances of this kind have occurred, and will happen again, so long as . . . .. .. persons are so extremely incautious m making their contracts. It appears to have heen a speculation altogether on the part of complainant, for he got the bond from defendant, at a discount of fifty per cent. If Singleton had been solvent, (and he was not known to be otherwise at that time') complainant would have received the whole debt, and been- very well contented. This court does iiot assess damages it is the peculiar province of a jury. — • Complainant might, and ought to have brought his action to have had his damage s assessed. He did not. He has slept upon his rights, and if eventually he suffers by it, the inconvenience will have been occasioned altogether by his own laches. The court sees no propriety in directing an issue, because the complainant may, if he pleases, bring his action without the sanction of the court. Ordered therefore, that the injunction be dissolved, and the bill be dismissed with costs.